UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:   14-cv-2900

**JOSEPH CHAISSON**

   **Plaintiff,**

**v.**

**NAVIENT CORPORATION**

   **Defendant**

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a Delaware corporation that conducts business in Colorado.

## PARTIES

8. Defendant, Joseph Chaisson is a natural person who resides in the County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff, Navient Corporation is a Delaware corporation operating from an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. The Defendant is attempting to collect on a delinquent student loan.

11. The debt that Defendant is attempting to collect is a debt as defined by 15 U.S.C. §1692a(5).

12. The Plaintiff disputes the amount that the Defendant is trying to collect and has communicated this dispute with the Defendant.

13. Upon information and belief the Defendant has misapplied payments made by the Plaintiff and the Plaintiff's deceased mother.

14. The amount that the Defendant is trying to collect is inaccurate and violates the FDCPA, 15 U.S.C. §1692f(1).

15. The Defendant is not registered as a licensed debt collector in the State of Colorado as required and thus operates in Colorado unlawfully.

16. Operating unlawfully to collect a debt is deceptive and violates the FDCPA, 15 U.S.C. §1692e.

17. In addition to sending mail through the United States postal system to the Plaintiff concerning the disputed debt, the Defendant places annoying, harassing and unsolicited telephone calls to the Plaintiff's cellular telephone.

18. Despite knowing that the Plaintiff disputes the amounts that the Defendant is trying to collect, the Defendant calls the Plaintiff daily and on occasion, several times per day.

19. The actions of the Defendant are annoying, harassing and oppressive and violate 15 U.S.C. §1692d.

20. The phone calls are so frequent and disturbing to the Plaintiff that he has tried to block the numbers used by the debt collector from his phone.

21. The Defendant uses multiple telephone numbers thus making it impossible to block the harassing telephone calls.

22. The Defendant regularly leaves voice messages on the Plaintiff's cellular telephone demanding that the Plaintiff call Navient.

23. The Defendant does not alert the Plaintiff that it is a debt collector in violation of 15 U.S.C. §1692e(11).

24. During one of the telephone calls between the Plaintiff and the Defendant, the Plaintiff, a Colorado State Student, advised the Defendant that he was going to obtain legal advice from CSU legal services.  The Defendant mocked the Plaintiff and said there is nothing that a lawyer can do for you.

25. Upon information and belief the Defendant is offering legal advice although it is not a lawyer and no lawyers from the Defendant have spoke to the Plaintiff.

26. The above violates the FDCPA, 15 U.S.C. §1692e(2), §1692e(3).

27. During telephone conversations with the Defendant, the Defendant falsely represents that it is "Sallie Mae" when in fact it is not.

28. The FDCPA prohibits a debt collector from using false or misleading information in its effort to collect debt, 15 U.S.C. §1692e.

29. Upon information and belief the Defendant is a separate split off company of Sallie Mae.

30. The actions of the Defendant have caused stress, anxiety, nervousness, loss of sleep and emotional suffering for which the Plaintiff seeks compensation under 15 U.S.C. §1692k(a)(1).

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Law Office of Troy D. Krenning, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**